IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ALLSTATE VEHICLE AND PROPERTY :
INSURANCE COMPANY, :
  :
    Plaintiff, :
  :
vs. : CIVIL ACTION NO. 2:18-cv-723-TFM-WC
  :
FRANK ENCARNACION, :
  :
    Defendant. :

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's *Request for Appointment of Umpire*. Doc. 1, filed August 9, 2018. Plaintiff requests the Court to appoint an umpire pursuant to an appraisal clause in an insurance policy. *Id.* at 1. Also pending before the Court is Defendant's *Motion to Dismiss and Response to Request for Appointment of Umpire* (Doc. 5, filed September 5, 2018), in which Defendant requests the Court to dismiss this matter, pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction, and appoint an umpire from the list of nominees provided by Defendant. Having considered the motions and relevant law, the Court finds the motion to dismiss is due to be denied.

### I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff originally filed in this Court, on August 9, 2018, its Request for Appointment of Umpire. Doc. 1. Plaintiff requests the Court to appoint an umpire pursuant to the appraisal clause of an insurance policy issued by Plaintiff in favor of Defendant. *Id.* at 1. Defendant submitted a claim for policy benefits and a dispute arose between the parties as to the amount payable from the claimed loss. *Id.* Plaintiff valued the loss at $278,598.60 and Defendant valued that loss at

$454,329.18. *Id.* at 2. Because the parties failed to agree on the amount of Defendant's loss, on May 9, 2018, Defendant invoked the appraisal clause of the policy, which is as follows:

> **Appraisal**
> If **you** and **we** fail to agree on the amount of loss, either party may make written demand for an appraisal. Upon such demand, each party must select a competent and impartial appraiser and notify the other of the appraiser's identity within 20 days after the demand is received. The appraisers will select a competent and impartial umpire. If the appraisers are unable to agree upon an umpire within 15 days, **you** or **we** can ask a judge of a court of record in the state where the **residence premises** is located to select an umpire.

Doc. 1-2, at 3. The parties both appointed appraisers who attempted to agree on an umpire, but were unsuccessful. Doc. 1, at 1-2. Pursuant to the policy, Plaintiff filed this action for the Court to select an umpire. *Id.* at 2.

On September 5, 2018, Defendant filed his Motion to Dismiss and Response to Request for Appointment of Umpire (Doc. 5), for which the Court filed a submission order (Doc. 7). Plaintiff filed on September 26, 2018, its response to the motion to dismiss (Doc. 11), and Defendant filed on October 10, 2018, his reply (Doc. 13). The motions are fully briefed and ripe for review, and the Court finds oral argument unnecessary.

## II.  STANDARD OF REVIEW

A Fed. R. Civ. P. 12(b)(1) motion directly challenges the district court's subject matter jurisdiction. *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007); *Gilmore v. Day*, 125 F. Supp. 2d 468, 470 (M.D. Ala. 2000). The burden of proof on a Fed. R. Civ. P. 12(b)(1) motion is on the party averring jurisdiction. *Gilmore*, 125 F. Supp. 2d at 471 (citing *Thomson v. Gaskill*, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L. Ed. 951 (1942)). A motion to dismiss for lack of subject matter jurisdiction may occur either facially or factually. *Makro v. Capital of Am., Inc. v. UBS AG*, 543 F.3d 1254, 1258 (11th Cir. 2008) (citing *Morrison*

*v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003)); *Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citing *McElmurray*, 501 F.3d at 1251).

A "facial attack" is based solely on the pleadings and requires the court to assess whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction. *Stalley*, 524 F.3d at 1232-33; *Morrison*, 323 F.3d at 925 n.5; *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a [Fed. R. Civ. P.] 12(b)(6) motion -- the court must consider the allegations of the complaint to be true." *Lawrence*, 919 F.2d at 1529 (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)); *see also Houston v. Marod Supermarkets*, 733 F.3d 1323, 1335 (11th Cir. 2013) (evaluating whether the plaintiff "has sufficiently alleged a basis of subject matter jurisdiction" in the complaint and employing standards similar to those that govern a Fed. R. Civ. P. 12(b)(6) review). The Court is "not required to accept mere conclusory allegations as true, nor are we required to accept as true allegations in the complaint that are contrary to factual details presented in the exhibits." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007). "[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Id*. at 1206. When discussing exhibits on a facial attack, the Court may consider exhibits that are attached to the complaint as well as those attached to a motion to dismiss. *Lawrence v. United States*, 597 F. App'x 599, 602 (11th Cir. 2015). Exhibits attached to the complaint are considered part of the complaint for all purposes. *Id*. Further, exhibits attached to a motion to dismiss may be considered for a facial attack if the documents are central to the plaintiff's claim and their authenticity is not disputed. *Id*.

On the other hand, a "factual attack" challenges "subject matter jurisdiction in fact, irrespective of the pleadings." *Morrison*, 323 F.3d at 925. On a Fed. R. Civ. P. 12(b)(1) factual

attack, the court "may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. *Lawrence*, 919 F.2d at 1529. Further, in resolving a factual attack, the court "may consider extrinsic evidence such as testimony and affidavits." *Makro*, 543 F.3d at 1258 (quoting *Morrison*, 323 F.3d at 925 n.5); *accord Stalley*, 524 F.3d at 1233; *Miccosukee Tribe of Indians of Fla. v. U.S., E.P.A.*, 105 F.3d 599, 603 (11th Cir. 1997) [hereinafter *Miccosukee Tribe*]. "[A] trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case without presuming the truthfulness of the plaintiff's allegations." *Makro*, 543 F.3d at 1528 (citation and internal quotations omitted); *see also Willett v. United States*, 24 F. Supp. 3d 1167, 1173 (M.D. Ala. 2014) (stating same). In other words, "the district court should apply a summary judgment standard when ruling on the motion to dismiss as a factual attack on subject matter jurisdiction." *Miccosukee Tribe*, 105 F.3d at 603 (citing *Lawrence*, 919 F.2d at 1530).

However, the Court is not at liberty to weigh the evidence when the factual attack "also implicates an element of the cause of action." *Lawrence*, 919 F.2d at 1529. The Eleventh Circuit has specifically cautioned district courts "should only rely on [Fed. R. Civ. P.] 12(b)(1) if the facts necessary to sustain jurisdiction *do not implicate the merits of plaintiff's cause of action.*" *Morrison*, 323 F.3d at 925 (quoting *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (internal quotations omitted) (emphasis in original).

### III. DISCUSSION AND ANALYSIS

**A.  Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)**

Defendant moves to dismiss this action, pursuant to Fed. R. Civ. P. 12(b)(1), because he claims the amount in controversy does not exceed the jurisdictional threshold of $75,000. Doc. 5, at 1-2. Defendant argues Plaintiff does not seek monetary damages, but requests the Court to

appoint an umpire, a request that has no monetary value. *Id.* at 2. Based on Defendant's arguments, he presents a facial challenge to the Court's subject matter jurisdiction.

In response, Plaintiff argues the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 1-301, specifically 9 U.S.C. § 5,[1] addresses the instant circumstances and the amount in controversy exceeds the jurisdictional threshold. Doc. 11, at 3-6.

To the extent Plaintiff may suggest section 5 of the FAA grants the Court jurisdiction over this matter, "the FAA does not confer subject matter jurisdiction on federal courts." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). "Instead, federal courts must have an independent jurisdictional basis to entertain cases arising under the FAA." *Id.*

As to the Court's independent jurisdiction basis, Plaintiff invokes the Court's diversity jurisdiction. District courts have diversity jurisdiction over a matter if the amount in controversy exceeds $75,000 and the case is between citizens of different states. 28 U.S.C. § 1332. For diversity to exist, "every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). A plaintiff must allege facts that demonstrate diversity exists by "includ[ing] the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." *Travaglio v. Am. Express Co.*, 735 F.3d

---

[1] If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein; and unless otherwise provided in the agreement the arbitration shall be by a single arbitrator.

9 U.S.C. § 5.

1266, 1268 (11th Cir. 2014). Natural persons are citizens of the state where they are domiciled. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam). A corporation is a citizen of its state of incorporation and of the state where it has its principal place of business. § 1332(c)(1).

Plaintiff has properly pled the diverse citizenship of the parties: Plaintiff is a corporation incorporated in Illinois, with its principal place of business in Illinois, and Defendant is a citizen of Alabama.

As to the amount in controversy, Plaintiff asserts the replacement value of the claim at issue is $278,598.60, while Defendant asserts the value is $454,329.18, both of which satisfy the amount in controversy requirement for diversity jurisdiction as does the difference between them. *See Empire Indem. Ins. Co. v. Bridgepointe at Broken Sound Condo. Ass'n, Inc.*, 2018 WL 3423959, at *1, (S.D. Fla. June 27, 2018) (finding the amount in controversy exceeded $75,000, in a case where the parties disagreed as to the value of a loss and could not agree on an umpire, where respondent claimed the value of the loss was $1.9 million and petitioner claimed the loss fell below the policy's deductible and did not pay insurance proceeds), *report and recommendation adopted*, 2018 WL 3423957, (S.D. Fla. July 16, 2018); *Pa. Lumbermens Mut. Ins. Co. v. Buettner Bros. Lumber Co., Inc.*, 2012 WL 1748028, at *1 n.1, 2012 U.S. Dist. LEXIS 66345, at *1 n.1 (N.D. Ala. May 11, 2012) (finding the amount in controversy exceeded $75,000, in a case where the parties disagreed as to the value of a covered loss and the appointment of an umpire, where the difference between the parties' assessment of the loss was $700,000); *Brothers v. Generali U.S. Branch*, 1997 U.S. Dist. LEXIS 14158, at *1, *3 (finding the court had jurisdiction, in a case where the parties disagreed as to the value of a covered loss and appointment of an umpire, where the amount of the loss claimed was $96,897.72, less a $1,000 deductible).

While Defendant cites *Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Electronics, Inc.*, 120 F.3d 216 (11th Cir. 1996) [hereinafter *Ericsson*]; *Fidelity Warranty Services, Inc. v. Kidd*, 45 F. Supp. 2d 1284, 1287 (N.D. Ala. 1999) [hereinafter *Kidd*]; and *Terminix International Co., L.P. v. Palmer Ranch Ltd. Paternship*, 446 F. Supp. 2d 1308, 1310-11 (M.D. Fla. 2006), to support its argument that the amount in controversy is too speculative to meet the jurisdictional threshold, the Court finds there are sufficient facts presented in this matter to meet the jurisdictional threshold. In *Ericsson*, the Eleventh Circuit begrudgingly applied the plaintiff-viewpoint rule to determine the amount in controversy, as did the courts in *Kidd* and *Terminix*. The plaintiff-viewpoint rule instructs the Court, when determining the amount in controversy, to consider only the value of the relief that the plaintiff can obtain and not consider what that relief may cost the defendant. *Id.* at 218-19. Plaintiff claims it owes Defendant $278,598.60, while Defendant claims Plaintiff owes him $454,329.18. Both claimed amounts owed, and the difference between them, meet the jurisdictional threshold however the value of the relief Plaintiff can obtain in arbitration is characterized.

Therefore, Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is denied.

**B.    Breach of Contract**

Defendant claims Plaintiff breached the subject insurance policy when it failed to timely identify an appraiser to the proper party and, consequently, the Court should appoint Defendant's choice of umpire.[2] However, Defendant's breach of contract claim would have to be brought as

---

[2] Defendant claims on May 9, 2018, his counsel contacted Plaintiff's adjuster, Steven Dunn, demanded appraisal, and identified Justin Willits as his appraiser. Defendant claims on June 2, 2018, his counsel called Mr. Dunn who, in an email, identified Larry Masters as Plaintiff's appraiser and stated Mr. Masters had attempted to contact Mr. Willits since May 22, 2018. Defendant attached to his motion the affidavit of Mr. Willits, in which Mr. Willits states he did not receive phone calls, voicemails, or emails from Mr. Masters between May 22, 2018, and June 2, 2018. Mr. Mr. Willits and Mr. Masters each identified their umpire selections, but could not

an affirmative defense or a counterclaim in its responsive pleading, and not asserted in a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), to properly be before the Court. *See* FED. R. CIV. P. 12(b) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required."); FED. R. CIV. P. 13(a)(1) ("A pleading must state as a counterclaim any claim that-at the time of its service-the pleader has against an opposing party . . . ."); FED. R. CIV. P. 13(b) ("A pleading may state as a counterclaim against an opposing party any claim that is not compulsory."); *see also* FED. R. CIV. P. 7(a) (defining pleadings as only "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer"). Here, Defendant has not filed such a pleading.

Accordingly, Defendant's breach of contract claim that he asserts in his motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is stricken pursuant to Fed. R. Civ. P. 12(f)(1).

## IV. CONCLUSION

Based on the foregoing analysis, Plaintiffs' motion to dismiss (Doc. 5) is hereby **DENIED**. The parties are **ORDERED** to file by **June 6, 2019**, their briefs in support of their proffered umpires and objections to the opposing party's proffered umpires. Additionally, Defendant is **ORDERED** to file by **June 6, 2019**, his responsive pleading to the complaint pursuant to Fed. R. Civ. P. 12(a)(4).

---

reach a concensus among their selections. Mr. Masters identified his umpire selections on July 10, 2018.

Plaintiff argues its appraiser, Mr. Masters, contacted Defendant's appraiser, Mr. Willits, on May 16 and 22, 2018, and June 2, 2018. Plaintiff's attached to its response the affidavit of Mr. Masters, in which he states he attempted to contact Mr. Willits on May 16 and 18, 2018, and informed Mr. Willits he was Plaintiff's appraiser. Plaintiff also argues Defendant's contention that it had to identify its appraiser to him is not supported by case law or statutory authority.

**DONE** and **ORDERED** this the 22nd day of May 2019.

                                          s/Terry F. Moorer
                                          **TERRY F. MOORER**
                                          **UNITED STATES DISTRICT JUDGE**