IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ALLSTATE VEHICLE AND PROPERTY :
INSURANCE COMPANY, :
 :
    Plaintiff, :
 :
vs. : CIVIL ACTION NO. 2:18-cv-723-TFM-WC
 :
FRANK ENCARNACION, :
 :
    Defendant. :

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's *Request for Appointment of Umpire*. Doc. 1, filed August 9, 2018. Plaintiff requests the Court to appoint an umpire pursuant to an appraisal clause in an insurance policy. *Id.* at 1.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff originally filed in this Court, on August 9, 2018, its Request for Appointment of Umpire. Doc. 1. Plaintiff requests the Court to appoint an umpire pursuant to the appraisal clause of an insurance policy issued by Plaintiff in favor of Defendant. *Id.* at 1. Defendant submitted a claim for policy benefits and a dispute arose between the parties as to the amount payable from the claimed loss. *Id.* Plaintiff valued the loss at $278,598.60 and Defendant valued that loss at $454,329.18. *Id.* at 2. Because the parties failed to agree on the amount of Defendant's loss, on May 9, 2018, Defendant invoked the appraisal clause of the policy, which is as follows:

> **Appraisal**
> If **you** and **we** fail to agree on the amount of loss, either party may make written demand for an appraisal. Upon such demand, each party must select a competent and impartial appraiser and notify the other of the appraiser's identity within 20 days after the demand is received. The appraisers will select a competent and impartial umpire. If the appraisers are unable to agree upon an umpire within 15

> days, **you** or **we** can ask a judge of a court of record in the state where the **residence premises** is located to select an umpire.

Doc. 1-2, at 3. The parties both appointed appraisers who attempted to agree on an umpire, but were unsuccessful. Doc. 1, at 1-2. Pursuant to the policy, Plaintiff filed this action for the Court to select an umpire. *Id*. at 2. The Court ordered the parties to file by June 6, 2019, their briefs in support of their proffered umpires and objections to the opposing party's proffered umpires. Doc. 18. Plaintiff filed its brief on June 6, 2019. Doc. 19. As of the date of this memorandum opinion and order, Defendant has not filed his brief. *See* Docket Sheet.

## II.     DISCUSSION AND ANALYSIS

The Court is asked to pick an umpire, who will decide between the losses that were submitted by the parties' respective appraisers. The insurance policy at issue does not prescribe any qualitifications for the prospective umpire. However, "[a]n umpire selected to arbitrate a loss should be disinterested, unprejudiced, honest, and competent." 6f-168f Appleman on Insurance Law & Practice Archive § 3928 (2nd 2011).

Plaintiff requests the Court appoint one of its proffered umpires, who include Michael B. Maddox, Phil Bernstein, and Chris Dixon. Doc. 19, at 2-3. Defendant did not submit an objection to Plaintiff's proffered umpires. *See* Docket Sheet. Mr. Maddox has practiced law for more than forty (40) years and his practice has been concentrated in conducting mediations and arbitrations for approximately twenty (20) years. Doc. 19-1, at 2. Mr. Maddox has also been recognized by several publications and rating organizations for his legal work. *Id.* Mr. Bernstein is an Alabama State Certified Residential Real Property Appriaser who has been involved in the real estate industry for more than forty (40) years and has been involved in the real estate appraisal industry for more than (30) years. Doc. 19-2, at 2. Mr. Bernstein has owned his own appraisal company for more than twenty (20) years and has completed extensive real estate appraisal course work. *Id.*

Mr. Dixon is an Alabama State Certified Residential Real Property Appriaser who has been a residential appraiser for more than thirty (30) years, is president of his appraisal firm, and has completed extensive real estate appraisal course work. Doc. 19-3, at 2. Mr. Dixon also is a qualified appraiser for many banks, mortgages companies, credit unions, appraisal management companies, and relocation companies. *Id.* at 3.

Defendant identified umpire nominees in his Motion to Dismiss and Response to Request for Appointment of Umpire, who include Thomas Kent Garrett, Randall B. James, the Honorable Eugene W. Reese, and the Honorable Charles Price. Doc. 5, at 3-4. Mr. Garrett is an attorney who was admitted to the bar in 1980 and practices in the areas of automobile product liability, insurance defense, automobile insurance defense, worker's compensation, insurance bad faith, pharmacist liability, and product liability. *Id.* at 2-3. Mr. Garrett is a member of the Montgomery County Bar Association, American Bar Association, Alabama State Bar, Florida Bar, and Alabama Defense Lawyers Association. *Id.* at 3. Mr. James is an attorney who has practiced for more than thirty (30) years and his practice areas include mediation/arbitration, automobile accidents, product liability, wrongful death, dram shop, bad faith, and worker's compensation. *Id.* Since 2001, Mr. James has been a mediator. *Id.* Mr. James also has been involved in his community through many organizations. *Id.* Judge Reese was admitted to the bar in 1982 and was with the Fifteenth Judicial Circuit for the State of Alabama until he retired in January 2017. *Id.* at 3-4. Judge Price was admitted to the bar in 1972 and was an assistant district attorney, district attorney, and took the bench for the Fifteenth Judicial Circuit for the State of Alabama, from which he retired in 2015. *Id.* at 4.

Plaintiff objects to Defendant's proffered umpires because it argues they do not have as much experience with the relevant subject matter as its proffered umpires and they do not have any experience with real estate or valuing appraisals.

As to the necessary qualities for an umpire-disinterested, unprejudiced, honest, and competent-the Court does not have a reason to question any of the proffered umpires as to the first three qualities based on the information before the Court. They all appear to meet those criteria. As to whether the proffered umpires are competent, all also appear to be competent. The most experienced candidates with regard to the relevant subject matter-real estate appraisal-are Mr. Bernstein and Mr. Dixon. Therefore, based on years of experience, completed real estate appraisal course work, and qualifications, the Court selects Mr. Dixon as umpire in this matter.

### III.     CONCLUSION

Accordingly, Plaintiff's proffered umpire, Chris Dixon, is hereby **APPOINTED** as umpire in this matter. The **CLERK OF COURT** is **DIRECTED** to close this case.

**DONE** and **ORDERED** this the 17th day of June 2019.

 s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE
